IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW E. PHILLIPS, #50518, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 18-cv-01058-JPG ) |
| THE PEOPLE OF ILLINOIS, SHERIFF JOHN LAKIN, CAPTAIN CHRISTOPHER EALES, and CAPTAIN RANDY YOUNG, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Andrew E. Phillips, an inmate who is currently incarcerated at Madison County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. According to the Complaint, Plaintiff has been subjected to unconstitutional conditions of confinement at the Jail since February 4, 2018. (Doc. 1, pp. 1, 5). In connection with this claim, he seeks monetary damages against the People of Illinois, Sheriff John Lakin, Captain Christopher Eales, and Captain Randy Young. (Doc. 1, pp. 1, 6).

This case is now before the Court for preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint and supporting exhibit, Plaintiff states that he has been housed at Madison County Jail since February 4, 2018. (Doc. 1, p. 1). He complains about the conditions that he and other inmates have been forced to endure at the Jail. (Doc. 1, pp. 5, 7). In the statement of his claim, Plaintiff alleges that inmates are required to sleep on the dayroom floor, where they are exposed to the smell of raw sewage. (Doc. 1, p. 5). The correctional officers have ignored the inmates' complaints about these conditions. *Id*.

Along with the Complaint, Plaintiff filed a copy of a grievance that he sent to Captain Eales on or around April 30, 2018. (Doc. 1, p. 7). In the grievance, he refers to two other grievances he filed about the same matter with Captain Eales and Captain Young on April 20 and 27, 2018. *Id*. Plaintiff filed this suit before he received responses to the grievances. *Id*. In the grievance to Captain Eales dated April 30, 2018, however, Plaintiff complains about the fact that inmates are forced to sleep on the dayroom floor and rest their heads against walls that are covered in black mold. *Id*. Sewer smells emanate from drains in the dayroom and shower room

floors. *Id*. The fumes are harmful to Plaintiff's health. *Id*. The sinks also have no cold water, so inmates must drink hot water. *Id*. In addition, they have been denied access to recreation. *Id*. Plaintiff indicates that he and other inmates have asked Captain Eales and Captain Young for at least 30 minutes of recreation time, and the inmates have received none. *Id*.

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following counts:

> **Count 1:** Conditions-of-confinement claim against Defendants for forcing inmates to sleep on the dayroom floor, exposing them to black mold and the smell of raw sewage, denying them access to cold water, and denying them recreational opportunities at the Jail since February 4, 2018.
>
> **Count 2:** Due process claim arising from the mishandling of Plaintiff's grievances regarding the conditions of his confinement at the Jail.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

## **Count 1**

The applicable legal standard for Plaintiff's conditions-of-confinement claim depends on his status during his detention at the Jail. Plaintiff is entitled to different constitutional protections based on his status as an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), or prisoner (Eighth Amendment). Because Plaintiff's status is unclear, the Court will briefly discuss each of these standards as they apply to this case.

The Fourth Amendment governs the period of time between an arrest without a warrant and a probable cause hearing. *Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006) (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1018 n. 14 (7th Cir. 2000)). Under the Fourth Amendment, an arrestee need only show that "the totality of the defendant's conduct in detaining the arrestee was 'objectively unreasonable' under the circumstances." *Flores v. Lackage*, 938 F. Supp. 2d 759, 775 (N.D. Ill. 2013) (citing *Lopez*, 464 F.3d at 720). Courts consider numerous factors in assessing claims under the Fourth Amendment, including the length of confinement, the nature and seriousness of the alleged constitutional deprivation, and the official's rationale for the deprivations of the arrestee's rights. *Id.*; *Lopez*, 464 F.3d at 720 (analyzing evidence that arrestee was deprived of food, drink, and sleep, and was shackled to a wall and forced to yell for an extended period of time before being allowed to use the restroom). The Complaint describes conditions that warrant further review under the Fourth Amendment.

The Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees, and the Eighth Amendment governs claims brought by prisoners. *See Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (citing *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013)). A pretrial detainee is entitled to be free from conditions that constitute "punishment," and a prisoner is entitled to be free from conditions that amount to "cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Seventh Circuit has often indicated that claims brought under the Fourteenth Amendment are "appropriately analyzed under the Eighth Amendment." *See Dart*, 803 F.3d at 310 (citing *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013) ("[T]he protection afforded under [the Due Process Clause] is functionally

4

indistinguishable from the Eighth Amendment's protection for convicted prisoners.")). In both contexts, the alleged conditions must be objectively serious, and the prison official must possess a sufficiently culpable state of mind. *Dart*, 803 F.3d at 309.

However, the United States Supreme Court's decision in *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 752, 756 (7th Cir. 2013), has raised questions about the applicable legal standard. There, the Supreme Court applied a purely objective standard to a detainee's excessive force claim without regard to a subjective component. *See id*. *See also Smego v. Jumper*, 707 F. App'x 411 (7th Cir. Dec. 29, 2017) (citing *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir 2017)). It is still unclear whether the reasoning of *Kingsley* extends beyond claims of excessive force to claims based on unconstitutional conditions of confinement. *Id*.

The Court nevertheless finds that the conditions described in the Complaint are sufficiently serious under both the Fourteenth and Eighth Amendments to warrant further review of this matter. These conditions include, but are not limited to, a lack of adequate bedding, exercise, and sanitary living conditions. *See Budd*, 711 F.3d at 842 (citing *Farmer*, 511 U.S. at 834 (citation omitted)). The Complaint describes conditions that may "violate the Constitution in combination when they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Budd*, 711 F.3d at 842 (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)). For screening purposes, the Court finds that the conditions at issue are sufficiently "serious" to trigger constitutional concerns under the Eighth and Fourteenth Amendments.

The question becomes who was responsible for subjecting Plaintiff to these conditions. Plaintiff names the People of Illinois, Sheriff John Lakin, Captain Eales, and Captain Young. In

the statement of claim and exhibits, he does not even mention the People of Illinois or Sheriff Lakin. He only sets forth allegations against the captains.

Plaintiff cannot proceed with this claim against the People of Illinois or Sheriff Lakin. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). All § 1983 claims require a degree of personal responsibility for the deprivation of a constitutional right. The doctrine of *respondeat superior* does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). To be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right." *Id*. (quoting *Chavez*, 251 F.3d at 651). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Both of these defendants shall be dismissed from this action. The People of Illinois shall be dismissed with prejudice, and Sheriff Lakin shall be dismissed without prejudice.[1]

---

[1] By naming the People of Illinois and Sheriff Lakin, it appears that Plaintiff intended to pursue this claim against Madison County. However, the Seventh Circuit has explained that **Error! Main Document Only.**governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). *See also Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'" (quoting *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007))). Plaintiff identified no policy or custom of Madison County that resulted in the deprivation of his constitutional rights.

Count 1 shall receive further review against Captain Young and Captain Eales. Plaintiff alleges that he complained directly to both captains about the conditions of his confinement. They allegedly ignored his complaints and took no action to address them. At this stage, the claim shall proceed against both of these individuals, regardless of Plaintiff's status as an arrestee, pretrial detainee, or prisoner during the relevant time period. Plaintiff's status and the exact source of constitutional protections afforded to him will be determined in due course. The Court takes no position as to whether Plaintiff fully exhausted all available administrative remedies before pursing his claims against these defendants.

**Count 2**

Plaintiff cannot proceed with an independent claim against the defendants for mishandling his grievances. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. Therefore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). This claim shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Pending Motion**

Plaintiff filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and will receive further review against Defendants **RANDY YOUNG** and **CHRISTOPHER EALES**. This claim is

**DISMISSED** with prejudice against Defendant **PEOPLE OF ILLINOIS**, and it is **DISMISSED** without prejudice against Defendant **JOHN LAKIN** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** does not survive screening and is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted against all of the defendants.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **RANDY YOUNG** and **CHRISTOPHER EALES**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

**7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 29, 2018**

s/J. Phil Gilbert
**United States District Judge**
