UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW E. PHILLIPS,

    Plaintiff,

v().

CHRISTOPHER EALES and RANDY YOUNG,

    Defendants.

Case No. 18-cv-1058-JPG-GCS

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Andrew E. Phillips's motion to reopen his "'Asbestos' lawsuit case" (Doc. 29). The Court also considers his motion for the status of his motion to reopen (Doc. 32).

In this case, Phillips complains about the conditions of confinement in the Madison County Jail, specifically, black mold, raw sewage smells, lack of cold water, lack of recreational opportunities, and mishandling of grievances. The Court dismissed this case without prejudice on September 26, 2018, after Phillips failed to keep the Court informed of his address when he was released from the Madison County Jail, failed to appear at a status conference and failed to object to a Report and Recommendation recommending that the Court dismiss this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Phillips was warned in the Court's May 29, 2018, order (Doc. 8) that he must keep the Court informed of his address within 7 days of any change in address; Local Rule 3.1(b) contains the same provision. Phillips was warned in the hearing notice that his failure to appear would result in dismissal of his claims, and he was warned with the Report and Recommendation that his failure to object could result in a waiver of the right to challenge the recommendation.

Phillips apparently discovered a newfound interest in prosecuting this case in January 2019 after he was reincarcerated in the Madison County Jail. He claims in his motion to reopen that his failure to provide his current address when he left the jail was an accident; in his motion for status he claims it was because he was homeless and had no address. On January 24, 2019, Phillips was admitted to Graham Correctional Center as a convicted prisoner. He still has not informed the Court of this address change as required by Court order and Local Rule 3.1(b), although the Court has gleaned his address at Graham CC from the return address on his motion for status. Additionally, Phillips asks the Court to reopen his "'Asbestos' lawsuit case," but this case has nothing to do with asbestos.

The Court construes Phillips's motion to be pursuant to Federal Rule of Civil Procedure 60(b) because he filed it more than 28 days after entry of judgment. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). Ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

Phillips has not presented the kind of exceptional circumstances that justify Rule 60(b) relief. Additionally, Phillips persists in his failure to keep the Court apprized of his correct address, and he seeks to reopen a lawsuit involving matters that were not in issue in this lawsuit.

For these reasons, the Court **DENIES** Phillips's motion to reopen (Doc. 29).

The Court notes that the conduct Phillips complained about *in this case* began in February 2018 so, if he wishes to pursue those claims, he has plenty of time to file a new lawsuit making those allegations before his two-year statute of limitations expires. *See Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007) (§ 1983 lawsuits arising in Illinois are subject to the state two-year personal injury limitation period under 735 ILCS 5/13-202); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001) (limitations period tolled under 735 ILCS 5/13-216 while inmate exhausts administrative remedies).

The Court further **DENIES** Phillips's motion for status (Doc. 32) **as moot** in light of this order.

**IT IS SO ORDERED.**
**DATED:   March 7, 2019**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**